CASE NO. 13-5018

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

MICHAEL R. BURNS,

Appellant,

vs.

UNITED STATES OF AMERICA,

Appellee.

Appeal from the United States District Court for the
Western District of Tennessee granting the Government's
Motion to Dismiss for Failure to State a Claim

BRIEF OF THE APPELLANT, MICHAEL BURNS

Appellant's Counsel:

Gerald S. Green   TN #9470
100 N. Main, Ste. 406
Memphis, TN    38103
Tel.:    901-527-3193
Fax  901-527-2320
Email:    sixmillion_643@msn.com

TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES                            2

JURISDICTIONAL STATEMENT                                  3

REQUEST FOR ORAL ARGUMENT                                 4

STATEMENT IN SUPPORT OF ORAL ARGUMENT                     4

STATEMENT OF THE CASE                                     4

STATEMENT OF FACTS                                        6

ISSUES PRESENTED                                          8

SUMMARY OF ARGUMENT                                       9

ARGUMENT                                                  11

CONCLUSION                                                23

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)                 24

CERTIFICATE OF SERVICE                                    24

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS          25

TABLE OF CASES AND AUTHORITIES

*Bellar v. Baptist Hosp., Inc.*, 559 S.W.2d 788, 790
Tenn. 1978)                                                    18

*Bonilla v. Oakland Scavenger Co.,* 697 F.2d 1297, 1301
(9th Cir. 1982), cert. denied, 467 U.S. 1251 (1984)           12

*Brown v. Tenn. Title Loans, Inc.,* 328 S.W.3d 850, 854
(Tenn. 2010)                                                  17

*City of Brentwood v. Metro. Bd. of Zoning Appeals*,
149 S.W.3d 49, 54 (Tenn. Ct. App. 2004)                       18

*Costen v. Pauline's Sportswear, Inc.,* 391 F.2d 81, 84-85
(9th Cir. 1968)                                               12

*Crews v. Buckman Labs. Int'l, Inc.,* 78 S.W.3d 852, 857
(Tenn. 2002)                                                  18

*Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999)            17

*Draper v. Westerfield*, 181 S.W.3d 283 (Tenn. 2005)          17

*Estate of French v. Stratford House*,
333 S.W.3d 546 (Tenn. 2011)                                   17

*Fuerst v. Methodist Hosp. S.,*
566 S.W.2d 847, 848 (Tenn. 1978)                              19

*Kujawski v. Arbor View Health Care Ctr.,*
139 Wis.2d 455, 407 N.W.2d 249, 252 (1987)                    20

*Ladd v. Roane Hosiery, Inc.,*
556 S.W.2d 758, 759-60 (Tenn. 1977)                           19

*Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007)           18

*Leach v. Taylor,* 124 S.W.3d 87, 92-93 (Tenn. 2004)          18

*Pemberton v. Am. Distilled Spirits Co.*,
664 S.W.2d 690, 691 (Tenn. 1984)                              19

*Poor Sisters of St. Francis v. Long,*
230 S.W.2d 659, 663 (Tenn. 1950)                              21

*Quinley v. Cocke,* 192 S.W.2d 992 (1946)                     20

2

*Smith v. United States,*
362 F.2d 366, 367-68 (9th Cir. 1966)                    12

*Stein v. Davidson Hotel Co.,*
945 S.W.2d 714, 716 (Tenn. 1997)                       18

*Summit Hill Assocs. v. Knoxville Utils. Bd.,*
667 S.W.2d 91, 95-96 (Tenn.App. 1983)                  21

*Tigg v. Pirelli Tire Corp.,*
232 S.W.3d 28, 31-32 (Tenn. 2007)                      18

*Townsend v. Columbia Operations,*
667 F.2d 844, 849 (9th Cir. 1982)                      12

*Webb v. Nashville Area Habitat for Humanity, Inc.,*
346 S.W.3d 422, 426 (Tenn. 2011)                       17

Fed. R. Civ. P. 12(b)

Fed. R. Civ. P. 56

TRCP 12

TRCP 56

JURISDICTIONAL STATEMENT

The District Court had jurisdiction over this action pursuant to the Federal Tort Claims Act. The Sixth Circuit has jurisdiction based on the District Court's final decision granting a Motion to Dismiss for failure to state a claim.

The notice of appeal was filed timely.

The appeal is from a final order or a final judgment that disposes of all claims with respect to all parties.

3

REQUEST FOR ORAL ARGUMENT

Appellant hereby requests time for an oral argument.

STATEMENT IN SUPPORT OF ORAL ARGUMENT

Due to the important procedural requirements and issues in this case, Plaintiff-Appellant requests oral argument. This case also presents the intricacies and obstacles of compliance with the FTCA and the Tennessee Medical Malpractice Act and questions why some state procedural requirements can be dispensed with while other state procedural requirements can be fatal to the cause of action.

STATEMENT OF CASE

This case comes to this court on direct appeal subsequent to the District Court granting the Government's Motion to Dismiss for Failure to State a Claim.

Although not allowed without leave of Court, when counsel conferred regarding the ability of the Defendant to file a reply to the Plaintiff's response to the Motion to Dismiss, Plaintiff's counsel stated that if Plaintiff can respond to Defendant's reply, there would be no opposition to Defendant's motion.

The court granted the Government's Motion to File a Reply to the Defendant's Response to the Motion to Dismiss. Motion for Leave to File Reply in Support of Motion to

4

Dismiss, R.E. 11, Page ID #81-82; Order granting Motion for Leave to File, R.E. 12, Page ID# 83.

The District Court granted the Government's Motion to Dismiss the same day and only hours after the Government filed its reply.  Defendants' Reply in Support of Motion to Dismiss, R.E. 13, Page I.D. #84-88; Order granting Motion to Dismiss for Failure to State a Claim., R.E. 14, Page I.D. # 89-101.

This action by the District Court left Plaintiff no opportunity to move the court to allow him to file a surreply.

Plaintiff submitted materials outside of the pleadings with his response to the Motion to Dismiss; however, in spite the additional material submitted, the District Court failed to treat the Motion to Dismiss as a Motion for Summary Judgment.

Plaintiff submitted the writing and opinion of Judge James Todd denying the Defendant's Motion for Summary Judgment in a similar case pending in the Western District of Tennessee Eastern Division involving this same Plaintiff.

Plaintiff submitted that this case is one where expert testimony is unnecessary and introduced the evidentiary doctrine of res ipso loquitor.

The District Court gave the Plaintiff no opportunity to present further proof that the case should be allowed to go forward.

<u>STATEMENT OF FACTS</u>

The following facts are taken from the complaint in the District Court. Complaint R.E. 2, Page I.D. #7-11.

Michael Burns reported to sick call on September 22, 2008.

Michael Burns was suffering from severe pain in his groin area.

Michael Burns was examined by Dr. Nahem Naimey, medical director and an employee of the Defendant, United States of America.

Dr. Naimey advised Michael Burns that "this requires immediate attention."

Michael Burns learned from Dr. Naimey that his condition had been diagnosed as a severe inguinal hernia.

Not until March 4, 2009 did Michael Burns receive notification from the Institutional Utilization Review Committee that his serious medical condition had been approved for an outside surgical evaluation.

Months passed with no treatment being provided for Michael Burns.

The medical condition of Michael Burns deteriorated to
a shocking and painful degree with swelling so large in his
groin area as to cause Michael Burns to be searched often
because of suspicion that he was hiding contraband.

Michael Burns made numerous efforts including, but not
limited to, personal and face-to-face requests, the filing
of grievances to Warden Castillo, Dr. Naimey, Harrell Watts
and Mr. Franklund.

In spite of the diligent efforts of Michael Burns, the
agents of the Defendant, United States of America,
negligently failed to fulfill the Defendants' duty to
Michael Burns in that they failed to provide a truthful
reason why medical treatment would not be forthcoming to
Michael Burns for nearly two years.

After a prolonged period of suffering, Michael Burns
underwent surgery.

The surgery that Michael Burns had to undergo, suffer
and endure was more invasive than the surgery would have
been if the Defendants had timely fulfilled their duties to
Michael Burns.

Michael Burns suffered agonizing pain and loss of
enjoyment of life as a direct and proximate result of the
negligence acts and omissions of the Defendant(s).

The body of Michael Burns is scarred excessively
because of the negligence of the Defendants.

7

As a result of those negligent acts and omissions, Michael Burns has experienced pain, suffering, and impairment of his right to enjoy life and is likely to experience those losses in the future.

Michael Burns began the process of for filing a claim pursuant to the Federal Tort Claims Act. His letter/grievance was received by the Bureau of Prisons on March 7, 2011. Mr. Burns did not receive a response from the Bureau of Prisons until October 27, 2011.

Michael Burns brought an action pursuant to the FTCA for the negligence of agents of the United States, both medical personnel and non-medical personnel.

Plaintiff did not file a certificate of good faith with his complaint and the United States moved to dismiss the case for failure to state a claim.

ISSUES PRESENTED

I.

Whether or not the trial court committed error when it failed to transform Defendant's Motion to Dismiss into a Motion for Summary Judgment and failed to decide the motion in accordance with FRCP 56 when the Plaintiff submitted matters outside the complaint in its response to the Defendant's Motion to Dismiss?

II.

Whether or not the trial court committed error by failing to consider all of the causes of action, theories or grounds of the complaint and dismissed the Plaintiff's entire complaint based upon the court's opinion that the Plaintiff failed to comply with a statutory requirement regarding one of the causes of action?

III.

Whether or not the court committed error by deciding that the action needed expert medical testimony prior to allowing the Plaintiff to submit affidavits and other proof showing that the case could be proven without expert proof and by not allowing the Plaintiff to present elements of res ipsa loquitor?

IV.

Whether or not the Court should have given the Plaintiff an opportunity to file a surresponse to the Defendant reply to Plaintiff's Response to Defendant's Motion to Dismiss?

SUMMARY OF ARGUMENT

The District court committed error when it failed to transform Defendant's Motion to Dismiss into a Motion for Summary Judgment and failing to decide the motion in accordance with FRCP 56 when the Plaintiff submitted matters outside the pleadings in its response to the

9

Defendant's Motion to Dismiss.

If, . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. See Tenn. R. Civ. P. 12.02(6)

Plaintiff submits that the Defendants' conveniently and self-servingly,
but wrongfully, mischaracterize this action as only a medical malpractice action.

A single complaint may be founded upon both ordinary negligence principles and the medical malpractice statute. The medical malpractice statute applies only to those alleged acts that bear a substantial relationship to the rendition of medical treatment by a medical professional, or concern medical art or science, training, or expertise.

Expert testimony is not needed in every medical negligence action.

With the doctrine of res ipsa loquitur, negligence can be inferred in situations in which there is no direct evidence of negligence or wrongdoing.

Although not allowed without leave of Court, when counsel conferred regarding the ability of the Defendant to file a reply to the Plaintiff's response to the Motion to Dismiss, Plaintiff's counsel stated that if Plaintiff can respond to Defendant's reply, there would be no opposition

to Defendant's motion.

The United States filed its Motion to File a Reply to the Plaintiff's Response to the Motion to Dismiss on November 5, 2012. The District Court granted the Government's Motion to File a Reply to the Plaintiff's response to the Motion to Dismiss on November 6, 2012, one day after it was filed and ruled the same day and only hours after the Government filed its reply. This action by the District Court left Plaintiff no opportunity to move the court to allow him to file a surreply.

Counsel had discussed with AUSA William Siler the possibility of voluntarily dismissing of this action; however, the abrupt action of the court allowed Plaintiff's counsel no time to consult with the Plaintiff, who is incarcerated.

ARGUMENT

I.

The District court committed error when it failed to transform Defendant's Motion to Dismiss into a Motion for Summary Judgment and failing to decide the motion in accordance with FRCP 56 when the Plaintiff submitted matters outside the pleadings in its response to the Defendant's Motion to Dismiss.

"If, . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be

11

treated as one for summary judgment and disposed of as provided in Rule 56. See Tenn. R. Civ. P. 12.02(6)

The State rule and the Federal rules are similar.

When the court considers "matters outside the pleading" on a Rule 12(b)(6) motion, that motion must be treated as a motion for summary judgment. Fed. R. Civ. P. 12(b); *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982), cert. denied, 467 U.S. 1251 (1984); *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982).

Failure to treat the motion as one for summary judgment would constitute reversible error. See *Bonilla,* 697 F.2d at 1301; *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 84-85 (9th Cir. 1968).

The pleadings submitted with the Plaintiff's Response to the Motion to Dismiss were and should have been considered by the trial court sufficient to trigger the requirement that the motion to dismiss be converted into one for summary judgment. See *Townsend*, 667 F.2d at 849; *Smith v. United States*, 362 F.2d 366, 367-68 (9th Cir. 1966).

Plaintiff submitted material from Civil Action 2:11-cv-02152-JDT-tmp, in which the Plaintiff has sued the Defendants for violation of his Eighth Amendment rights. Judge Todd writes in his order denying Defendants Motion

for Summary Judgment in that case:


"[A] medical need is objectively serious if it is 'one that has been diagnosed
by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" Blackmore, 390 F.3d at 897; see also Johnson, 398 F.3d at 874. "[T]he seriousness of a prisoner's medical needs may also be decided by the effect of delay in treatment." Blackmore, 390 F.3d at 897 (emphasis & internal quotation marks omitted); Napier v. Madison Cnty., Ky., 238 F.3d 739, 742 (6th Cir. 2001).

Judge Todd writes further:
In his Declaration, Defendant Naimey describes the treatment that Plaintiff received (D.E. 18-3 ¶¶ 5-33) and states that his medical care was timely, thorough, and appropriate (id. ¶ 34). Naimey further states that any delay in treatment was the result of Plaintiff's own failure to comply with the treatment plan that had been established. (Id. ¶ 14.) He refers to Plaintiff's medical records, primarily Clinical Encounter notes, to support his statements.

    With regard to the alleged delay in treatment, Naimey states that on April 17,
2009, when Plaintiff went to an outside surgery center for evaluation, his blood
pressure was elevated. Therefore, Plaintiff was referred back to the prison
medical department for evaluation and clearance of his undiagnosed hypertension. (D.E. 18-3 ¶ 12; D.E. 18-7 at 5; D.E. 18-10.) Upon his return to FCI Memphis, Plaintiff was advised to report to Health Services for daily blood pressure checks for seven consecutive days, beginning April 18, 2009.

    He would then be reevaluated on the seventh day. (D.E. 18-7 at 5.) However, Naimey states that Plaintiff did not return to have his blood pressure checked until April 1, 2010, almost one year later. (D.E. 18-3 ¶ 14.) To support this statement, he offers only Plaintiff's blood pressure log, showing blood pressure readings that were taken from April 1, 2010, to May 20, 2010. (D.E. 18-11.)

13

In Plaintiff's sworn response, he emphatically denies that he failed to report to have his blood pressure taken, stating that he reported where and when he was instructed. (D.E. 19 at 2-4.) This statement is sufficient to refute Naimey's contrary assertion in his Declaration. For the foregoing reasons, the Defendants' motion for summary judgment is GRANTED as to Defendant Castillo. However, the motion is DENIED as to Defendant Naimey. Case 2:11-cv-02152-JDT-tmp Document 24 Filed 09/21/12

No discovery had occurred.

Discovery procedures could reveal the existence of ordinary negligence or deliberate indifference to the plight of Michael Burns.

Discovery would establish the duty of the non-medical personnel.

A genuine issue of material fact exists as to whether the medical necessity of treatment of a cantaloupe sized swelling of Plaintiff's testicle is within the common knowledge of lay persons.

There is a dispute as to the "objective circumstances" in this case.

The Defendant/Movant has not shown and cannot show that there is an absence of a genuine issue of material fact.

Plaintiff should be given the opportunity to take proof through interrogatories, requests for admissions and depositions of various witnesses.

Discovery procedures would reveal whether or not the outside evaluation recommended delaying the surgery or

14

whether the delay was the decision of the Utilization
Review Committee.

Further, a genuine issue of material fact is whether
or not the decision of the "URC" was reasonable or did the
committee's inaction evidence a deliberate indifference to
the rights of the Plaintiff.

Considering the length of time that elapsed between
the diagnosis and the doctor's statement that the condition
needed attention, discovery may reveal that it was the duty
of the non-medical personnel to seek another outside
opinion as to the necessity of surgery for Michael Burns.

The District court committed error by failing to
consider all of the causes of action, theories or grounds
of the complaint and dismissed the Plaintiff's entire
complaint based upon the court's opinion that the Plaintiff
failed to comply with a statutory requirement regarding one
cause of action.

Plaintiff submits that the Defendants' conveniently
and self-servingly,
but wrongfully, mischaracterize this action as only a
medical malpractice action.

A single complaint may be founded upon both ordinary
negligence principles and the medical malpractice statute.

The medical malpractice statute applies only to those
alleged acts that bear a substantial relationship to the

15

rendition of medical treatment by a medical professional, or concern medical art or science, training, or expertise.

The Tennessee Supreme Court has noted that because medical malpractice is a category of negligence, the distinction between the two is "subtle," and has stated that there is "no rigid analytical line separating" these causes of action.

If there are additional acts or omissions alleged that do not bear a substantial relationship to medical treatment, require no specialized skills, or could be assessed by the trier of fact based upon ordinary everyday experiences, then the claims may be made under an ordinary negligence theory.

Dr. Naimey was not the only person who participated in the decision to delay the Plaintiff's surgery. Other actors, agent of the Defendant, United States of America, participated in the decision to delay the Plaintiff's surgery. A number of the agents of the United States were not medical personnel but had an administrative and  quasi-fiduciary duty to the Plaintiff for his well-being because he was a federal inmate in the custody of the United States Bureau of Prisons.

The other causes of action and theories of this case were medical battery, negligent and intentional infliction of mental distress and prolonged pain and suffering. These

16

causes of action and theories do not require expert proof.

As our Supreme Court has previously stated, "[c]ases involving health or medical entities do not automatically fall within the medical malpractice statute." *Draper v. Westerfield,* 181 S.W.3d 283, 290 (Tenn. 2005). Rather, the court must review the claim and determine whether the gravamen of the complaint is medical malpractice or negligence, based on certain factors. Our Supreme Court recently wrote a lengthy and well-reasoned opinion dealing with the issue of distinguishing those claims, which gives this court guidance. See *Estate of French v. Stratford House,* 333 S.W.3d 546, 555-60 (Tenn. 2011).

A motion to dismiss should be granted only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn.1999).

The resolution of a Rule 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Such a motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. . "A defendant who files a motion to dismiss `admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d

17

850, 854 (Tenn. 2010)).

"In considering a motion to dismiss, courts `must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.,* 232 S.W.3d 28, 31-32

When considering a motion to dismiss, courts must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007) (quoting Trau — Med, 71 S.W.3d at 696); see *Leach v. Taylor*, 124 S.W.3d 87, 92-93 (Tenn. 2004); *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997); *Bellar v. Baptist Hosp., Inc.,* 559 S.W.2d 788, 790 (Tenn. 1978); see also *City of Brentwood v. Metro. Bd. of Zoning Appeals,* 149 S.W.3d 49, 54 (Tenn. Ct. App. 2004) (holding that courts "must construe the complaint liberally in favor of the plaintiff by . . . giving the plaintiff the benefit of all the inferences that can be reasonably drawn from the pleaded facts."

A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs. Int'l, Inc.,* 78 S.W.3d 852, 857 (Tenn. 2002); see *Lanier v. Rains*, 229

18

S.W.3d 656, 660 (Tenn. 2007); *Doe v. Sundquist*, 2 S.W.3d
919, 922 (Tenn. 1999); *Pemberton v. Am. Distilled Spirits
Co.*, 664 S.W.2d 690, 691 (Tenn. 1984); *Fuerst v. Methodist
Hosp. S.,* 566 S.W.2d 847, 848 (Tenn. 1978); *Ladd v. Roane
Hosiery, Inc.*, 556 S.W.2d 758, 759-60 (Tenn. 1977).

Should the court determine that TCA 29-26-115 is
applicable in this case, even with the application of the
res ipso loquitor doctrine, Plaintiff submits that there is
extraordinary cause for the court to excuse the requirement
of the statute.

This action would not have been cognizable prior to
compliance with the strict requirements of the Federal Tort
Claims Act.  There has been strict compliance with the
FTCA.

The referral to and the recommendation of the outside
surgical evaluation and the notification of approval from
the Institutional Utilization Committee should fulfill the
purpose of the certificate of good faith requirement in
this case.

III.

The District court committed error by deciding that
the action needed expert medical testimony prior to
allowing the Plaintiff to submit affidavits and other proof
to show that, even as to the medical personnel, the case
could be proven without expert proof.

19

Expert testimony is not needed in every medical negligence action.

With the doctrine of res ipsa loquitur, negligence can be inferred in situations in which there is no direct evidence of negligence or wrongdoing.

For res ipsa loquitur to be applicable, the claimant must produce evidence from which a lay jury could conclude, by a preponderance of evidence, that the incident resulted from negligence and was the responsibility of the defendant.

`If the patient requires professional nursing or professional hospital care, then expert testimony as to the standard of that type of care is necessary.' However, if the patient requires nonmedical, administrative, ministerial or routine care, the standard of care need not be established by expert testimony. *Kujawski v. Arbor View Health Care Ctr.*, 139 Wis.2d 455, 407 N.W.2d 249, 252 (1987).

The doctrine is based on everyday experience and requires no more than a common sense appraisal of the strength of the plaintiff's circumstantial evidence. *Quinley v. Cocke*, 183 Tenn. 428, 438, 192 S.W.2d 992, 996 (1946).

The trial court should have transformed the Motion to Dismiss into a Motion for Summary Judgment and allowed

Plaintiff the opportunity to present circumstantial evidence of res ipsa loquitor.

Under Tennessee law, res ipsa loquitur is a form of circumstantial evidence that permits, but does not compel, a jury to infer negligence from the circumstances. In all malpractice cases where the rule res ipsa loquitur is held to be applicable the jury may infer negligence in absence of a reasonable and satisfactory explanation as to how the accident occurred. *Poor Sisters of St. Francis v. Long*, 230 S.W.2d 659, 663 (Tenn. 1950)

The res ipsa loquitur doctrine is a specialized doctrine that provides the plaintiff with an inference arising from circumstantial evidence enabling the jury to find that the defendant was negligent if the plaintiff proves certain elements. *Poor Sisters of St. Francis v. Long,* 230 S.W.2d 659, 663 (Tenn. 1950); *Summit Hill Assocs. v. Knoxville Utils. Bd.,* 667 S.W.2d 91, 95-96 (Tenn.App. 1983).

IV.

The Court should have given the Plaintiff an opportunity to file a surresponse to the Defendant reply to Plaintiff's Response to Defendant's Motion to Dismiss.

Although not allowed without leave of Court, when counsel conferred regarding the ability of the Defendant to file a reply to the Plaintiff's response to the Motion to Dismiss, Plaintiff's counsel stated that if Plaintiff can

21

respond to Defendant's reply, there would be no opposition to Defendant's motion.

The United States filed its Motion to File a Reply to the Plaintiff's Response to the Motion to Dismiss on November 5, 2012. The District Court granted the Government's Motion to File a Reply to the Plaintiff's response to the Motion to Dismiss on November 6, 2012, one day after it was filed and ruled the same day and only hours after the Government filed its reply. This action by the District Court left Plaintiff no opportunity to move the court to allow him to file a surreply.

This action by the District Court left Plaintiff no opportunity to move the court to allow him to file a surreply.

Counsel had discussed with AUSA William Siler the possibility of voluntarily dismissing of this action; however, the abrupt action of the court allowed Plaintiff's counsel no time to consult with the Plaintiff, who is incarcerated.

CONCLUSION

Appellant requests that this court remand this action for further proceedings in accordance with FRCP 56.

Appellant requests that this Court enter an order setting aside the Order of Dismissal below.

This court should remand this case for an apt inquiry and finding of fact" because "no factual support of the ruling by the trial court exists in the record.

Respectfully submitted,

/s/ Gerald S. Green
Gerald S. Green TN #9470
100 N. Main, Ste. 406
Memphis, TN      38103
Tel. 901-527-3193
Fax  901-527-2320

23

Certificate of Compliance With Rule 32(a)

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 3,889 words, excluding the parts of the brief exempted by Fed.R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2003 in Courier New 12 font.

/s/ Gerald S. Green
Attorney for Michael Burns, Appellant
Dated: March 8, 2013

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING PLEADING HAS BEEN SERVED UPON AUSA WILLIAM SILER via the court's ECF system this 8th day of March 2013.

/s/ Gerald S. Green
GERALD S. GREEN    #9470

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Complaint                          R.E. 2          Page ID# 7-11


Motion to Dismiss For
Failure to State a Claim           R.E. 9          Page ID #23-33


Response in Opposition
re: Motion to Dismiss for
Failure to State a Claim           R.E. 10         Page ID #34-80

Motion for Leavs to File
Reply in Support of
Motion to Dismiss                  R.E. 11         Page ID #81-82


Order Granting  Motion
for Leave to File Reply            R.E. 12         Page ID #83

Reply to Response to Motion
re Response in Opposition
to Motion to Dismiss               R.E. 13         Page ID#84-88


Order Granting
Motion to Dismiss for
Failure to State a Claim           R.E. 14         Page ID #89-
                                                        101

25